

**ORDERED in the Southern District of Florida on May 3, 2017.**

_____
**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| GRANDPARENTS.COM, INC., *et al.*, | Case No. 17-14711-LMI |
| Debtors.[1] | (Jointly Administered) |
| _____/ | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ORDERS PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 APPROVING BIDDING PROCEDURES,  FORM AND MANNER OF SALE NOTICES, AND SCHEDULING SALE HEARING DATE**

This matter came on to be heard on April 28, 2017 (the "Hearing"), upon the debtors, Grandparents.com, Inc. ("GP") and Grand Card LLC ("Grand Card" and collectively with GP, the "Debtors"), emergency motion seeking entry of an order approving (A) bidding procedures and stalking horse bidder, (B) form and manner of sale notices, and (C) sale hearing date (the

---

[1] The address and the last four digits of the taxpayer identification of each of the debtors: (i) Grandparents.com, Inc., 589 8th Avenue, 6th Floor, New York, NY 10018 (1114) and (ii) Grand Card LLC, 10800 Biscayne Boulevard, Suite 750, Miami, FL 33161 (3030).

41380879v5

"Motion") (ECF No. 12), and the Court having reviewed and taken judicial notice of the file, heard argument and proffers of counsel and the Debtors' CRO, due and sufficient notice of the Motion having been provided, good cause appearing and for the reasons stated on the record at the Hearing, good and sufficient cause appearing it is hereby

**ORDERED and ADJUDGED**:

**I.   FINDINGS OF FACT AND CONCLUSIONS OF LAW**:

1. Unless otherwise indicated herein, all capitalized terms used but not defined herein shall have the meanings given in the Motion.

2. On April 14, 2017 the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are continuing in possession of their property, and operating and managing their businesses, as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over the Chapter 11 Cases and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

4. On April 14, 2017, the Debtors and VB Funding, LLC (the "Stalking Horse" or "Stalking Horse Bidder") entered into that certain Asset Purchase Agreement (the "APA") attached as Exhibit B, to the Motion.[2]

5. The Debtors are facing severe liquidity restraints and will be unable to continue operating after sixty days.

6. The Debtors intend to seek approval of the sale of substantially all their assets to the Stalking Horse or the Successful Bidder if an auction is held. The Debtors must be sold as a

---

[2] The Debtors and the Stalking Horse intend to amend the APA to correct certain scrivener's errors contained therein.

going concern to realize and maximize their value together with the assets.  To avoid irreparable harm to the Debtors' estates, the sale of the assets must close in the next 45 to 60 days.

7. If the sale does not close in that timeframe the Debtors will likely be out of cash and forced to cease operations, which will preclude any sale of the Debtors' assets as a going concern.

8. The APA has been negotiated in good faith and at arm's length between the Debtors and the Stalking Horse who the Court recognizes also provided debtor-in-possession financing to the Debtors pursuant to Order of this Court.

9. The Debtors exercised sound business judgment in negotiating and entering into the APA.

10. The Bidding Procedures, including the Stalking Horse, are necessary to the efficient sale of the Debtors' assets and to maximize their value.

11. Based upon the foregoing findings and conclusions, and upon the record made before this Court at the Preliminary Hearing, good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, DETERMINED AND DECREED** that:

12. <u>Motion Granted</u>. The Motion is granted.

13. <u>Bidding Procedures</u>. The following Bidding Procedures are approved and shall constitute the procedures for persons seeking to bid on the sale of substantially all of the Debtors' assets (the "<u>Sale</u>"):

- **Qualified Bidder:**  Any person or entity expressing an interest in purchasing the Debtors' assets (a "<u>Potential Bidder</u>") must provide the Debtors with an executed confidentiality agreement in form and substance satisfactory to the Debtors and shall deliver the following Required Supporting Materials and Good Faith Deposit prior to the Bid Deadline which shall constitute its "Bid" to the Debtors and counsel as follows:

Debtors:

Grandparents.com, Inc.
Attn: Joshua Rizack
606 Post Road East, 614
Westport, CT 06880

with a copy to:

Steven R. Wirth, Akerman, LLP, Attorneys for Debtors,
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
steven.wirth@akerman.com

- **Required Supporting Materials:**

    i) **Executed APA**: An executed asset purchase agreement in the same form and having the same terms as the APA and reflecting a minimum purchase price $2,100,000 (the "Topping Bid"), together with a markup or redline copy of the Potential Bidder's asset purchase agreement comparing same to the APA and reflecting any deviations from the APA. All consideration paid to acquire the Purchased Assets shall be for cash, with no financing contingencies.

    ii) **Proof Ability to Close**: All Potential Bidders must include as part of any bid appropriate evidence that demonstrates to the reasonable satisfaction of the Debtors that such bidder has the financial ability to consummate the transactions contemplated by their APA by the Closing Date including bank statements and financial statements. No Potential Bidder shall be entitled to bid and deemed to a Qualified Bidder unless the Debtors determine in their reasonable discretion that the Potential Bidder is financially qualified; *provided that* if the Potential Bidder proposes to finance the acquisition, then evidence of an unconditional lending commitment from a recognized banking institution in the amount of the cash portion of the purchase price of such bid or the ability to post an unconditional, irrevocable letter of credit from a recognized banking institution in the amount of the cash portion of the purchase price of such bid. **The Potential Bidder shall also provide a copy of a board resolution or similar document demonstrating the authority of the Potential Bidder to make a binding and irrevocable bid on the terms proposed.**

    iii) **Assumption of Executory Contracts and Unexpired Leases:** To the extent that the Potential Bidder proposes to include in its bid and the APA the assumption and assignment of any of the Debtors' executory contracts or unexpired leases, a schedule shall be attached to the APA showing such

3

41380879v5

        contracts or leases to be assumed and assigned together with evidence of the Potential Bidder's ability to provide adequate assurance of future performance of such contracts, such as audited financial statements of the Potential Bidder, information regarding the capitalization of the Potential Bidder, information allowing the Debtors to evaluate the value of any guaranties being provided by affiliates of a Potential Bidder of its obligations under any assumed and assigned executory contracts or leases (the "<u>Adequate Assurance Package</u>").

    iv)    **Good Faith Deposit:** A Potential Bidder must deliver with its Bid a good faith deposit equal to 10% of the bid's proposed purchase price in the form of a wire transfer or certified or cashier's check (the "<u>Good Faith Deposit</u>") payable to the trust account for the attorneys for the Debtors.

**A Potential Bidder satisfying the above requirements shall be deemed to be a Qualified Bidder and to have submitted a "Qualified Bid".**

**THE BID DEADLINE SHALL BE MAY 31, 2017 AT 5:00 P.M. EST.**

**Auction.** An auction (the "<u>Auction</u>") of the Assets shall be conducted by the Debtors in the event there is at least one Qualified Bidder. The Auction shall take place at June 5, 2017 beginning at 10:00 a.m. EST at the law offices of Akerman LLP, Three Brickell City Centre, 98 Southeast Seventh Street, Suite 1100, Miami, FL 33131.

**ONLY A QUALIFIED BIDDER WHO HAS SUBMITTED A QUALIFIED BID WILL BE ELIGIBLE TO PARTICIPATE AT THE AUCTION.**

**The Qualified Bidder is not entitled to any break-up fee, termination fee or similar type of payment or reimbursement.**

**Bidding Increment.** The minimum bidding increment at the auction shall be $100,000 or such other amount as the Debtors determine is appropriate. The Debtors reserve the right to change the bidding increments at the Auction.

**Baseline Bid / Overbid Protection.** In the event there are one or more Qualified Bidders and an Auction is held, the Baseline Bid will be the sum of the Qualified Bid which proposes the highest and best economic consideration to the Debtors in the Debtors' sole business judgment.

**Acceptance of Qualified Bid**. The Debtors presently intend to consummate the sale with the Stalking Horse Bidder if there is no Auction. Otherwise, if an Auction is held the Debtors shall determine who has made the highest and best offer (the "<u>Successful Bidder</u>") and the Debtor is authorized to accept Back-Up bids. However, the Debtors' presentation to the Bankruptcy Court for approval of the bid made by the Successful Bidder does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted such Bid only when such bid has been approved by order of the Bankruptcy Court.

**Reservation of Rights.** At the conclusion of the Auction the Debtors shall determine which bid, if any, is the highest or otherwise best offer, and (i) may reject at any time, any bid that the Debtors determine in their sole discretion to be: (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the sale transaction, or (c) contrary to the best interests of the Debtors, their estates and creditors.

**Return of Deposits**. The Good Faith Deposit of a Qualified Bidder shall be returned within three business days of the earlier of (a) the closing of a sale transaction on all or a portion of the Assets on which the Qualified Bidder made a bid or (b) 30 days after the Sale Hearing.

**Credit Bidding.** The Stalking Horse (defined below) may credit bid at the sale in an amount up to amount owed the Stalking Horse under its DIP Loan with the Debtor plus the amount outstanding on its first priority prepetition loan to the Debtor. Other creditors may credit bid as permitted under the Bankruptcy Code, however credit bids of junior lienors will need to include cash bids to satisfy the any senior liens.

14. <u>Approval of APA and Stalking Horse</u>. The Stalking Horse and the APA are approved and the APA shall form the basis for the Potential Bidders to bid as more fully set forth above. The provisions in the APA unique to the Stalking Horse shall be deleted from the APA for use by Potential Bidders in submitting their Bid.

15. <u>Advertising</u>. A soon as practicable, the Debtors shall publish the notice of sale in the Wall Street Journal and in an industry specific periodical, newsletter, or website.

16. <u>Sale Hearing.</u> A hearing on approval of the Sale to the Stalking Horse or Successful Bidder shall be held before this Court on June 5, 2017 at 2:45 p.m. (the "<u>Sale Hearing</u>"), at which time all interested parties shall have an opportunity to object to the Sale of the Debtors' assets as contemplated by the Bid Procedures. If the Stalking Horse is the Winning Bidder, the Court shall consider the assumption and assignment of the Designated Contracts at the Sale Hearing. In the event the Winning Bidder is not the Stalking Horse, a separate hearing shall be held not later than fourteen days after the Sale Hearing solely to adjudicate any objections as to the adequate assurance of future performance for executory contracts designated for assumption and assignment by any non-Staking Horse Winning Bidder.

5

6

17. <u>Form of Sale Notice.</u>  The Sale Notice shall be in the form set forth in the proposed Notice Sale, a copy of which is annexed hereto as **Exhibit A**.

# # #

Submitted by:

Steven R. Wirth
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837
steven.wirth@akerman.com

<u>Copy furnished to:</u>

Steven R. Wirth, Esq.
*(Attorney Wirth is directed to serve a conformed copy of this Order and to file a Certificate of Service with the Court).*

**Exhibit "A"**

**NOTICE OF SALE**
United States Bankruptcy Court
Southern District of Florida
Miami Division
Case No.: 17-14711-LMI
**In re: Grandparents.com, Inc. and Grand Card LLC (collectively, "Debtors")**
NOTICE IS HEREBY GIVEN that pursuant to the Bid Procedures Order (ECF No.__) entered on May __, 2017, the auction of the Debtors' assets, including the domain name www.grandparents.com, shall take place on **June 5, 2017 at 10:00 a.m. (Eastern) (the "Auction Date")** at the offices of Akerman LLP, Three Brickell City Centre, 98 Southeast 7th Street, Miami, Florida 33131. All parties wishing to take part in this process and submit a bid for the assets must do so in accordance with the Bid Procedures Order on or before **May 31, 2017 at 5:00 p.m. (Eastern) (the "Bid Deadline")**. The minimum bid has been set at $2,100,000 and a deposit of $210,000 is required. **All potential bidders should contact Steven R. Wirth at (813) 209-5093 or steven.wirth@akerman.com to obtain: (i) a copy of the Bid Procedures Order, (ii) the bid package, and (iii) instructions for access to due diligence on the Debtors' assets.** A Sale Hearing to approve the sale of Debtors' assets to the successful bidder will take place on **June 5, 2017 at 2:45 p.m. (Eastern) (the "Sale Hearing")** before the Honorable Laurel M. Isicoff located at the C. Clyde Atkins U.S. Courthouse, 301 N. Miami Ave., Courtroom 8, Miami, Florida 33128.

41633536v2