**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**www.flsb.uscourts.gov**

In re:                                                    Chapter 11 Cases

GRANDPARENTS.COM, INC., *et al*.,              Case No. 17-14711-LMI
                                                          (Jointly Administered)
        Debtors.[1]

_____/

**SUMMARY OF FOURTH INTERIM POST-CONFIRMATION APPLICATION**
**FOR ALLOWANCE AND PAYMENT OF (I) COMPENSATION AND**
**(II) REIMBURSEMENT OF EXPENSES FOR AKERMAN LLP,**
**GENERAL COUNSEL TO THE LIQUIDATING TRUSTEE,**
**FOR THE PERIOD OF MARCH 1, 2020 – AUGUST 31, 2020**

| | | |
|---|---|---|
| 1. | Name of applicant: | Akerman LLP |
| 2. | Role of applicant: | General Counsel to the Liquidating Trustee |
| 3. | Name of certifying professional: | Steven R. Wirth, Esq. |
| 4. | Date case filed: | April 14, 2017 |
| 5. | Date of application for employment: | October 14, 2017 |
| 6. | Date of final order approving employment: | November 13, 2017, *Nunc Pro Tunc* to September 21, 2017 |
| 7. | If debtor's counsel, date of Disclosure of Compensation form: | N/A |
| 8. | Date of this application: | September 11, 2020 |
| 9. | Dates of services covered: | March 1, 2020 – August 31, 2020 |

| **Fees** | |
|---|---|
| 10. Total fee requested for this period (from Exhibits) | $67,805.50 |
| 11. Balance remaining in fee retainer account, not yet awarded | $0.00 |
| 12. Fees paid or advanced for this period, by other sources | $0.00 |
| 13. **Net amount of fee requested for this period** | **$67,805.50** |
| **Expenses** | |
| 16. Total expense reimbursement requested for this period (from Exhibit) | $80.60 |

---

[1] The address and the last four digits of the taxpayer identification of each of the debtors: (i) Grandparents.com, Inc., 589 8th Avenue, 6th Floor, New York, NY 10018 (1114) and (ii) Grand Card LLC, 10800 Biscayne Boulevard, Suite 750, Miami, FL 33161 (3030).

| | |
|---|---|
| 17. Balance remaining in expense retainer account, not yet received | $0 |
| 18. Expenses paid or advanced for this period, by other sources | $0 |
| 19. **Net amount of expense reimbursements requested for this period** | **$80.60** |
| **Total** | |
| 22. Gross award requested for this period | $67,886.10 |
| 23. **Net award requested for this period** | **$67,886.10** |
| 25. If Final Fee Application, amounts of net awards request in interim applications but not previously awarded (total from History of Fees and Expenses, following pages): | N/A |
| 26. Total fee and expense award requested | **$67,886.10** |

## HISTORY OF FEES AND EXPENSES

1.    Dates, sources and amounts of retainers received:

| Dates | Sources | Amounts | For Fees or Costs? |
|---|---|---|---|
| N/A | | | |

2.    Dates, sources and amounts of third party payments received:

| Dates | Sources | Amounts | For Fees or Costs? |
|---|---|---|---|
| N/A | | | |

3.    Prior Fee and Expense Awards:

## FIRST AND FINAL  APPLICATION

|  | Prior Fee Awards | Prior Expense Awards |
|---|---|---|
| *Dates covered by application: April 14, 2017 through and including July 31, 2017* | | |
| Amount of fees requested | $285,944.90 | |
| Amount of expenses requested | | $17,571.58 |
| Amount of fees awarded | $285,944.90 | |
| Amount of expenses awarded | | $17,571.58 |
| Amount of fee retainer authorized to be used | n/a | |
| Amount of expense retainer authorized to be used | | n/a |
| Fee award, net of retainer | n/a | |
| Expense award, net of retainer | | n/a |
| Date of award: *September 22, 2017 [ECF No. 233]* | | |
| Amount of fees actually paid | $285,944.90 | |
| Amount of expense reimbursement actually paid | | $17,571.58 |
| Amount of fees requested but not awarded, that applicant wishes to defer to final application | $0.00 | |
| Amount of expenses requested but not awarded that applicant wishes to defer to final application | | $0.00 |

## SUPPLEMENT TO FIRST AND FINAL  APPLICATION

|  | Prior Fee Awards | Prior Expense Awards |
|---|---|---|
| *Dates covered by application: August 1, 2017 through and including September 15, 2017* | | |
| Amount of fees requested | $74,721.30 | |
| Amount of expenses requested | | $8,385.71 |
| Amount of fees awarded | $74,421.30 | |
| Amount of expenses awarded | | $8,385.71 |
| Amount of fee retainer authorized to be used | n/a | |
| Amount of expense retainer authorized to be used | | n/a |
| Fee award, net of retainer | n/a | |
| Expense award, net of retainer | | n/a |
| Date of award: *September 22, 2017 [ECF No. 233]* | | |
| Amount of fees actually paid | $74,721.30 | |
| Amount of expense reimbursement actually paid | | $8,385.71 |
| Amount of fees requested but not awarded, that applicant wishes to defer to final application | $0.00 | |
| Amount of expenses requested but not awarded that applicant wishes to defer to final application | | $0.00 |

### FIRST INTERIM POST-CONFIRMATION APPLICATION

| | Prior Fee Awards | Prior Expense Awards |
|---|---|---|
| *Dates covered by application: September 21, 2017 through and including December 31, 2017* | | |
| Amount of fees requested | $69,533.00 | |
| Amount of expenses requested | | $8,914.54 |
| Amount of fees awarded | $69,533.00 | |
| Amount of expenses awarded | | $8,914.54 |
| Amount of fee retainer authorized to be used | n/a | |
| Amount of expense retainer authorized to be used | | n/a |
| Fee award, net of retainer | n/a | |
| Expense award, net of retainer | | n/a |
| Date of award: *April 13, 2018 [ECF No. 298]* | | |
| Amount of fees actually paid | $69,533.00 | |
| Amount of expense reimbursement actually paid | | $8,914.54 |
| Amount of fees requested but not awarded, that applicant wishes to defer to final application | $0.00 | |
| Amount of expenses requested but not awarded that applicant wishes to defer to final application | | $0.00 |

### SECOND INTERIM POST-CONFIRMATION APPLICATION

| | Prior Fee Awards | Prior Expense Awards |
|---|---|---|
| *Dates covered by application: January 1, 2018 through and including March 31, 2019* | | |
| Amount of fees requested | $333,393.00 | |
| Amount of expenses requested | | $9,552.43 |
| Amount of fees awarded | $333,393.00 | |
| Amount of expenses awarded | | $9,552.43 |
| Amount of fee retainer authorized to be used | n/a | |
| Amount of expense retainer authorized to be used | | n/a |
| Fee award, net of retainer | n/a | |
| Expense award, net of retainer | | n/a |
| Date of award: *May 24, 2019 [ECF No. 387]* | | |
| Amount of fees actually paid | $0.00 | |
| Amount of expense reimbursement actually paid | | $0.00 |
| Amount of fees requested but not awarded, that applicant wishes to defer to final application | $0.00 | |
| Amount of expenses requested but not awarded that applicant wishes to defer to final application | | $0.00 |

## THIRD INTERIM POST-CONFIRMATION APPLICATION

| | Prior Fee Awards | Prior Expense Awards |
|---|---|---|
| *Dates covered by application: April 1, 2019 through and including February 29, 2020* | | |
| Amount of fees requested | $ 302,423.50 | |
| Amount of expenses requested | | $13,610.91 |
| Amount of fees awarded | $302,423.50 | |
| Amount of expenses awarded | | $13,610.91 |
| Amount of fee retainer authorized to be used | n/a | |
| Amount of expense retainer authorized to be used | | n/a |
| Fee award, net of retainer | n/a | |
| Expense award, net of retainer | | n/a |
| Date of award: *April 30, 2020 [ECF No. 455]* | | |
| Amount of fees actually paid | $296,575.00 | |
| Amount of expense reimbursement actually paid | | $9,284.45 |
| Amount of fees requested but not awarded, that applicant wishes to defer to final application | $0.00 | |
| Amount of expenses requested but not awarded that applicant wishes to defer to final application | | $0.00 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**www.flsb.uscourts.gov**

In re:                                                                      Chapter 11 Cases

GRANDPARENTS.COM, INC., *et al*.,                               Case No. 17-14711-LMI
                                                                                 (Jointly Administered)

      Debtors.

_____/

**FOURTH INTERIM POST-CONFIRMATION APPLICATION**
**FOR ALLOWANCE AND PAYMENT OF (I) COMPENSATION AND**
**(II) REIMBURSEMENT OF EXPENSES FOR AKERMAN LLP,**
**GENERAL COUNSEL TO THE LIQUIDATING TRUSTEE,**
**FOR THE PERIOD OF MARCH 1, 2020 – AUGUST 31, 2020**

Steven R. Wirth and the law firm of Akerman LLP ("Akerman" or "Applicant"), as counsel to Joshua Rizack, as Liquidating Trustee, file their fourth interim application (the "Application") seeking an award of compensation for services rendered and reimbursement of expenses incurred for the period of March 1, 2020 to August 31, 2020 (the "Application Period").

The Applicant submits this Application, pursuant to Sections 327, 328, 330, and 503(b) of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases (the "Guidelines").  In accordance with Local Form 89 and the Guidelines, the following exhibits are annexed to this Application:

| | |
|---|---|
| Exhibit 1-A: | Summary of Professional and Paraprofessional Time; |
| Exhibit 1-B: | Summary of Professional and Paraprofessional Time By Activity Code Category; |
| Exhibit 2: | Summary and Breakdown of Requested Reimbursement of Expenses; and |

Exhibit 3:                Applicant's complete time by Activity Code Category for the time period covered by this application.

Applicant expended a total of  hours during the Application Period, rendering necessary and beneficial legal services.  Exhibit "1-A" contains a list of Applicant's professionals and paraprofessionals who have provided services during the Application Period, the hourly rate charged by each, and a summary of time expended by each.  Exhibit "1-B" contains a summary of professional and paraprofessional time by activity code as required by, and in compliance with, the Guidelines.  Exhibit "2" contains a summary of the Applicant's total actual and necessary out-of-pocket expenses and disbursements, for which the Applicant seeks reimbursement in accordance with Section 330(a) of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines.  The expenses and disbursement summarized in Exhibit "2" are those which Applicant typically would invoice to its non-bankruptcy clients.  Exhibit "3" contains a daily description of the services rendered and the hours expended by the various attorneys and paralegals of the Applicant who performed services in this case.  The Applicant has prepared Exhibit "3" based on, among other things, contemporaneous daily time records maintained by the Applicant's attorneys and paralegals.

## CASE BACKGROUND

On September 20, 2017, the Bankruptcy Court entered an Order Confirming the Debtors' First Amended Chapter 11 Plan of Liquidation (the "Confirmation Order") [ECF No. 228].  All conditions to consummation of the Debtors' First Amended Joint Plan of Liquidation (the "Plan") [ECF No. 183] set forth in Article X of the Plan were satisfied or waived on September 26, 2017.  Thus, in accordance with the terms of the Plan and the Confirmation Order, the Plan became effective on September 26, 2017 (the "Plan Effective Date") [ECF No. 239].

Pursuant to the Plan and as ratified by the Confirmation Order, upon the Effective Date, Joshua Rizack was appointed the Liquidating Trustee under the Liquidating Trust Agreement (the "Trust Agreement") for the Grandparents.com, Inc. and Grand Card LLC Liquidating Trust (the "Liquidating Trust").

Notwithstanding the entry of the Confirmation Order, the occurrence of the Effective Date, and turning over and/or transfer of the Debtors' assets to the Liquidating Trust, the Bankruptcy Court retains exclusive jurisdiction over the Chapter 11 cases after the Effective Date. *See* Confirmation Order, ¶ 26.

## APPLICANT'S RETENTION

Prior to the entry of the Confirmation Order, Applicant served as counsel for the Debtors. *See* [ECF Nos. 57 and 106]. On November 13, 2017, the Court entered an Order [ECF No. 261] approving the *Application for Approval of Employment of Steven R. Wirth and the Law Firm of Akerman LLP as Counsel for the Liquidating Trustee Nunc Pro Tunc to September 21, 2017* [ECF No. 242].

The Plan, Confirmation Order, and Liquidating Trust Agreement authorize the Liquidating Trustee to retain professionals ("Post-Confirmation Professionals") to assist him in carrying out his duties. With regard to compensation of Post-Confirmation Professionals, Section 21 of the Confirmation Order provides:

> Any fees and expenses of Professionals retained by the Liquidating Trustee shall be payable from the Trust Assets, subject to approval of an application for allowance and payment of such fees and expenses by the Bankruptcy Court.

> This is the Applicant's fourth interim post-confirmation application.

## DESCRIPTION OF SERVICES

As set forth in the Exhibits to this Application, the Applicant has organized its time records by activity codes in accordance with the Guidelines.

### Case Administration (B110)

Applicant continued to respond to inquiries in the form of e-mail, telephone calls, and correspondence from counsel for creditors and from unrepresented creditors regarding the status of various matters relating to the Debtors' assets and the Liquidating Trust, although the amount of these inquiries has substantially decreased. Applicant oversaw payment of on-going post-confirmation expenses. Applicant also reviewed and helped prepare the Liquidating Trustee's Quarterly Operating Reports for the period of January 1, 2020 through June 30, 2020.

Applicant expended a total of 25.70 hours in this category and is requesting the total sum of $15,282.00 for the services rendered for this category.

### Asset Analysis and Recovery (B120)

Applicant assisted special litigation counsel and the Liquidating Trustee in finalizing the settlement with the Debtors' directors and officers, which tasks included drafting and revising the motion to compromise controversy [ECF No. 425], drafting and revising the settlement agreement, drafting and revising the proposed order granting same, and attending all related hearings. While the settlement with the directors and officers was ultimately approved by the Court [ECF No. 458], including the entry of the requested bar order, Applicant had to resolve issues raised by the SEC regarding the scope of the bar order, which in turn raised issues with the settling directors and officer. This settlement brought $4,350,000 into the estate after the payment of special litigation counsel's contingency fee. Applicant also finalized the analysis of whether to prosecute any remaining causes of action of behalf of the estate.

Applicant expended a total of 50.50 hours in this category and is requesting the total sum of $27,775.00 for the services rendered for this category.

**Fee/Employment Compensation Applications (B160)**

During the Application Period, Applicant continued to review and catalogue time entries on a monthly basis in preparation for this Application. Applicant also prepared the Summary of Third Interim Post-confirmation Application for Allowance and Payment of (I) Compensation and (II) Reimbursement of Expenses for Akerman LLP, General Counsel to the Liquidating Trustee, for the Period of April 1, 2019 –February 29, 2020 [ECF No. 429], which was approved by Order of the Court [ECF No. 455] after notice and a hearing.

Applicant expended a total of 13.30 hours in this category and is requesting the total sum of $5,691.00 for the services rendered for this category.

**Claims Administration and Objections (B310)**

One of the Liquidating Trustee's foremost responsibilities is to distribute the assets of the Liquidating Trust to holders of allowed claims.  Applicant responded to numerous inquiries from creditors regarding their claims, including address changes, and tax reporting. Applicant filed the following claim objections:

1)  Omnibus Objection to Claim of 27 Old Field Lane Andrew Foote Andrew Foote, BJS Squared, LLC, Clement S. Dwyer, Jr. [ECF No. 466];

2)  Omnibus Objection to Claim of DMI Partners, Inc. Insureds Attn: Kevin J. Lamer James K. O'Brien, James K. O'Brien, Larry Stogel [ECF No. 467];

3)  Omnibus Objection to Claim of Lee Lazarus [# 13], Lee Lazarus [# 14], Meadows Capital, LLC [#18]; Millennium Trust Co. [#7]; Millennium Trust Co. [#8] [ECF No. 468];

4)  Omnibus Objection to Claim of Mintz Levin Cohn Ferris Glovsky [# 12], Newmark Grubb Knight & Frank [# 21], Steven E. Leber [#23]; Steven E. Leber [#24] [ECF No. 469];

5)  Amended First Omnibus Objection to Claim of 27 Old Field Lane [# 25], Andrew Foote [# 3.7], Andrew Foote [#27], BJS Squared, LLC [#22], Clement S. Dwyer, Jr. [#3.28], Clement S. Dwyer, Jr. [#20] [ECF No. 472];

6)  Amended Second Omnibus Objection to Claim of DMI Partners, Inc. [# 19], Insureds-Attn: Kevin J. Lamer [# 16], James K. O'Brien [#26], James K. O'Brien [#3.59], Larry Stogel [#29] [ECF No. 473];

7)  Amended Third Omnibus Objection to Claim of Lee Lazarus [# 13], Lee Lazarus [# 14], Meadows Capital, LLC [#18], Millennium Trust Co. f/b/o Tessler c/o Family Management Corporation [#7], Millennium Trust Co. f/b/o Tessler c/o Family Management Corporation [#8] [ECF No. 474];

8)  Amended Fourth Omnibus Objection to Claim of Mintz Levin Cohn Ferris Glovsky [# 12], Newmark Grubb Knight & Frank [# 21], Steven E. Leber [#23], Steven E. Leber [#24] [ECF No. 475]; and

9)  Fifth Omnibus Objection to Claim of Tiburon Media Group, LLC [# 1], Action Marketing Research, Inc. [# 2], Vanbridge LLC [#15], SJO Worldwide LLC [#17] [ECF No. 479]

The Court has entered the following orders on the claim objections:

1)  Order Sustaining Liquidating Trustee's Amended First Omnibus Objection to Claims [ECF No. 480];

2)  Order Sustaining Liquidating Trustee's Amended Third Omnibus Objection to Claims [ECF No. 481];

3)  Order Sustaining Liquidating Trustee's Amended Fourth Omnibus Objection to Claims [ECF No. 482]; and

4)  Order Sustaining in Part Liquidating Trustee's Amended Second Omnibus Objection to Claims [ECF No. 487].

Applicant expended a total of 36.90 hours in this category and is requesting the total sum of $17,396.50 for the services rendered for this category.

## Miscellaneous Other Tasks (B190 and B192)

Although no significant amounts of time or effort were spent on the miscellaneous task codes under this subheading, applicant expended a total of 4.30 hours in these categories and is requesting the total sum of $1,661.00 for the services rendered in these categories, which services are described in more detail in the attachments to this application.

## EVALUATION OF SERVICES RENDERED

The Application has presented the nature and extent of the professional services rendered by Applicant for which compensation is sought. The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent. A mere reading of the time summary annexed hereto alone cannot completely reflect the full range of services the Applicant rendered and the complexity of the issues and the pressures of time and performance which have been placed on the Applicant in connection with these cases.

*American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.),* 544 F.2d 1291 (5th Cir. 1977), *cert. denied,* 431 U.S. 904 (1977), enumerates the factors a bankruptcy court should evaluate in awarding fees. They are addressed as relevant to this matter below. Applicant believes that the requested fees are fair and reasonable considering the factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *First Colonial.*

**1.     Time And Labor Required**

The foregoing summary, together with the Exhibits attached hereto, details the time, nature and extent of the professional services Applicant rendered during the period covered by this Application. The hours expended evidence the extensive time devoted to this matter by Applicant with respect to various legal issues which have arisen in this case during the period covered by this Application.

2.      **The Novelty And Difficulty Of The Service**

The legal questions arising in the representation of the Liquidating Trustee in regards to the general administration of this liquidating trust, to date, are not novel or difficult, but they did require the exercise of skillful application of Bankruptcy Code provisions and securities law relating to the matters considered, given that Grandparents.com was a public company.

3.      **The Skill Requisite To Perform The Services Properly**

In order to perform the legal services enumerated herein properly, substantive legal knowledge in the fields of bankruptcy, commercial law, and debtor/creditor rights was required. Mr. Wirth has extensive experience in these areas and is highly qualified to serve as counsel to the Liquidating Trustee.  His attorneys and staff are also well versed in substantive and procedure matters which arise during the representation of bankruptcy trustees.

4.      **The Preclusion Of Other Employment By The Professional Due To The Acceptance Of The Case**

Akerman is aware of no other specific employment which was precluded as a result of its accepting these cases.  However, the efforts of Akerman were devoted to these cases and Akerman was unable to devote that time to other matters, therein preventing Akerman from billing and collecting fees in other cases.

5.      **The Customary Fee**

The rates charged by Applicant as set forth in Exhibit I-A are customary for attorneys within the Southern District of Florida of similar skill and reputation.

For services of the type rendered herein where those services were performed for a private client, Applicant would charge a reasonable fee for services rendered, on an hourly rate or, in addition, a contingent or fixed fee basis.  The fees requested by Applicant are comparable

to those fees which would be charged to a private client for similar services rendered by Applicant.

The rates charged by the participating attorneys and paraprofessionals, as set forth in the Exhibits are well within the range charged by attorneys in the Southern District of Florida of similar skill and reputation in the area of bankruptcy and commercial law. Furthermore, there is no agreement between Applicant and any other person for sharing compensation which may be awarded in this case.

**6.      Whether The Fee Is Fixed Or Contingent**

Applicant's compensation is not fixed, as it is subject to the sufficiency of the estate to compensate Applicant for its services.  It is not contingent in the classic sense whereby compensation will only be given if Applicant is successful in recovering money for general unsecured creditors; however, it is contingent in the sense that it is subject to the availability of unencumbered funds and this Court's approval.

**7.      Time Limitations Imposed By The Client Or Other Circumstances**

Certain time limitations are imposed in the Liquidating Trust Agreement.  Applicant has worked diligently to meet the deadline and act quickly and efficiently in the administration of the Liquidating Trust.

**8.      Experience, Reputation And Ability Of Applicant**

Akerman is an established law firm having substantial experience in bankruptcy and commercial law, litigation, corporate and real estate matters.  Applicant is familiar with the issues arising during the pendency of this action, and has dealt with similar legal questions in the past.

**9.      The Undesirability Of The Case**

Applicant did not and does not find it undesirable to represent the Liquidating Trustee.

54573403;2

14

**10.      The Nature And Length Of The Professional Relationship With The Client**

Applicant commenced representing the Debtors in February 2017, approximately two months prior to the commencement of these cases, which resulted in Akerman's representation of the Liquidating Trustee post-confirmation.

**11.      Awards In Similar Cases**

The amount requested by Applicant is not unreasonable in terms of awards in cases of like magnitude and complexity.  The fees required by Applicant comport with the mandate of the Code, which directs that services be evaluated in the light of comparable services performed in bankruptcy cases in the community.

**12.      Benefit To The Estate**

Applicant provides a benefit to this estate by advising the Liquidating Trustee in executing and fulfilling his duties under the Liquidating Trust and in obtaining sizable recoveries for the benefit of creditors.

Based on the standards set forth in Section 330 of the Code and *First Colonial,* the Applicant believes that it is entitled to receive the fair and reasonable value of the services it rendered during the period covered by this Application.

**WHEREFORE**, the Applicant respectfully requests the Court to enter an order (i) authorizing an interim award in the amount of which is comprised of (a) **$67,805.50** as compensation for services rendered during the Application Period; and (b) **$80.60** as reimbursement for actual and necessary expenses incurred during this Application Period; (ii) authorizing and directing the Liquidating Trustee to pay the Applicant the sum of **$67,886.10** less any amounts paid to date, representing the aggregate fees and costs sought by the Applicant herein; and (iii) granting such other and further relief as the Court deems appropriate.

Dated:  September 11, 2020          Respectfully submitted,

                                    **AKERMAN LLP**

                                    By: */s/ Steven R. Wirth*
                                    Steven R. Wirth
                                    Florida Bar No.: 170380
                                    Email: steven.wirth@akerman.com
                                    401 E. Jackson St., Suite 1700
                                    Tampa, FL  33602
                                    Telephone: (813) 223-7333
                                    Facsimile: (813) 223-2837

                                        and

                                    Eyal Berger
                                    Florida Bar No.: 011069
                                    Email: eyal.berger@akerman.com
                                    350 East Las Olas Blvd., Suite 1600
                                    Ft. Lauderdale, FL 33301
                                    Telephone: (954) 712- 6071
                                    Facsimile: (954) 847-5374

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via

CM/ECF electronic mail this September 11, 2020 to all parties listed on the attached service list.

By: <u>/s/ *Steven R. Wirth*</u>
Steven R. Wirth

## CERTIFICATION

1.      I have been designated by Akerman LLP ("Akerman") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2.      I have read Akerman's Application for Compensation and Reimbursement of Expenses (the "Application").  The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

3.      The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Akerman and generally accepted by the Akerman's clients.

4.      In seeking reimbursement for the expenditures described on Exhibit "2," Akerman is seeking reimbursement only for the actual expenditure and has not marked-up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Akerman has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, Akerman is seeking reimbursement only for the amount actually paid by the Application to third party.

6.      The following are the variances with the provisions of the Guidelines, the date of each Court Order approving the variance, and the justification for the variance:  NONE.


Dated:  September 11, 2020          Respectfully submitted,

**AKERMAN LLP**


By: */s/ Steven R. Wirth*
Steven R. Wirth
Florida Bar No.: 170380
Email: steven.wirth@akerman.com
401 E. Jackson St., Suite 1700
Tampa, FL  33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

## SERVICE LIST

**17-14711-LMI Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

David W Baddley on behalf of Interested Party U.S. Securities and Exchange Commission
baddleyd@sec.gov

Eyal Berger, Esq. on behalf of Debtor Grandparents.com, Inc.
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Steven J Brotman on behalf of Interested Party GN Hearing Corporation
Steven.brotman@lockelord.com, Irene.rabba@lockelord.com

Steven J Brotman on behalf of Interested Party Robert Cohen
Steven.brotman@lockelord.com, Irene.rabba@lockelord.com

Steven J Brotman on behalf of Interested Party Steven E. Leber
Steven.brotman@lockelord.com, Irene.rabba@lockelord.com

David C. Cimo, Esq on behalf of Other Professional Joshua Rizack
dcimo@cmmlawgroup.com, mmark@cmmlawgroup.com;ekelly@cmmlawgroup.com

David C. Cimo, Esq on behalf of Plaintiff Joshua Rizack
dcimo@cmmlawgroup.com, mmark@cmmlawgroup.com;ekelly@cmmlawgroup.com

David C. Cimo, Esq on behalf of Special Counsel David C Cimo
dcimo@cmmlawgroup.com, mmark@cmmlawgroup.com;ekelly@cmmlawgroup.com

Aileen Gelpi on behalf of Creditor SJO Worldwide , LLC
aileen.gelpi@gmail.com, aileen@agelpilaw.com

Daniel L. Gold, Esq. on behalf of Other Professional Joshua Rizack
daniel.gold@bipc.com, marilee.tamesolmedo@bipc.com

Douglas A Goldin on behalf of Defendant JJLS Consulting, LLC
doug.goldin@lockelord.com, irene.rabba@lockelord.com;AutoDocket@lockelord.com

Douglas A Goldin on behalf of Defendant Jordan Leber
doug.goldin@lockelord.com, irene.rabba@lockelord.com;AutoDocket@lockelord.com

Douglas A Goldin on behalf of Interested Party BJ Squared, LLC
doug.goldin@lockelord.com, irene.rabba@lockelord.com;AutoDocket@lockelord.com

Douglas A Goldin on behalf of Interested Party Meadows Capital, LLC
doug.goldin@lockelord.com, irene.rabba@lockelord.com;AutoDocket@lockelord.com

Douglas A Goldin on behalf of Interested Party Robert Cohen
doug.goldin@lockelord.com, irene.rabba@lockelord.com;AutoDocket@lockelord.com

2

Douglas A Goldin on behalf of Interested Party Steven E. Leber
doug.goldin@lockelord.com, irene.rabba@lockelord.com;AutoDocket@lockelord.com

Anna Haugen on behalf of Creditor Aetna, Inc.
ahaugen@mcguirewoods.com, sjerreld@mcguirewoods.com

Jason Z. Jones, Esq. on behalf of Defendant Vantiv LLC
jjones@joneslawpa.com

Donald R Kirk, Esq on behalf of Creditor VB Funding, LLC
dkirk@carltonfields.com, kathompson@carltonfields.com;jpelletier@carltonfields.com

Stephen R Leslie, Esq on behalf of Respondent Rocket Science Group, LLC, d/b/a MailChimp
sleslie.ecf@srbp.com

John E Lucian on behalf of Defendant Blank Rome, LLP, a Pennsylvania limited liability partnership
lucian@blankrome.com

Marilee A Mark on behalf of Other Professional Joshua Rizack
mmark@cmmlawgroup.com, ekelly@cmmlawgroup.com

David B Marks on behalf of Plaintiff Joshua Rizack
brett.marks@akerman.com, charlene.cerda@akerman.com

Courtney A McCormick on behalf of Creditor Aetna, Inc.
cmccormick@mcguirewoods.com, sjerreld@mcguirewoods.com;flservice@mcguirewoods.com

Niall T McLachlan, Esq on behalf of Creditor VB Funding, LLC
nmclachlan@carltonfields.com, cguzman@carltonfields.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Araizu S Oretsky on behalf of Other Professional Joshua Rizack
sheila.oretsky@bipc.com, mercy.campo@bipc.com

Leslie S. Osborne, Esq. on behalf of Defendant Access Development Corporation
office@rorlawfirm.com, 4275819420@filings.docketbird.com

Jimmy D. Parrish on behalf of Interested Party Lee Lazarus
jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com;egreen@bakerlaw.com

Jimmy D. Parrish on behalf of Interested Party Louis Karol
jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com;egreen@bakerlaw.com

Allen P Pegg on behalf of Creditor Starr Indemnity & Liability Company
allen.pegg@hoganlovells.com, Gladys.cata@hoganlovells.com;maria.helmick@hoganlovells.com

Nemia L. Schulte, Esq. on behalf of Defendant Laurie Meadoff
nemia2000@aol.com, nemia3000@gmail.com

3

Scott W Spradley on behalf of Defendant David W. Angstadt
scott.spradley@flaglerbeachlaw.com, suzy@flaglerbeachlaw.com

Marty Steinberg on behalf of Creditor Starr Indemnity & Liability Company
marty.steinberg@hoganlovells.com, beth.moon@hoganlovells.com;miamidocketing@hoganlovells.com

Marty Steinberg on behalf of Defendant Starr Indemnity & Liability Company
marty.steinberg@hoganlovells.com, beth.moon@hoganlovells.com;miamidocketing@hoganlovells.com

Yolanda P Strader on behalf of Interested Party Clement S. Dwyer, Jr.
ystrader@carltonfields.com, iabay@carltonfields.com

Yolanda P Strader on behalf of Interested Party Lee Lazarus
ystrader@carltonfields.com, iabay@carltonfields.com

Yolanda P Strader on behalf of Interested Party Louis Karol
ystrader@carltonfields.com, iabay@carltonfields.com

Yolanda P Strader on behalf of Interested Party Robert Cohen
ystrader@carltonfields.com, iabay@carltonfields.com

Yolanda P Strader on behalf of Interested Party Steven E. Leber
ystrader@carltonfields.com, iabay@carltonfields.com

Scott A. Underwood, Esq. on behalf of Plaintiff Joshua Rizack
sunderwood@underwoodmurray.com, dstrand@underwoodmurray.com

Stephen C Villeneuve on behalf of Other Professional Joshua Rizack
carey.villeneuve@bipc.com, Jessie.morin@bipc.com

Stephen C Villeneuve on behalf of Plaintiff Joshua Rizack
carey.villeneuve@bipc.com, Jessie.morin@bipc.com

Stephen C Villeneuve on behalf of Special Counsel Scott A. Underwood
carey.villeneuve@bipc.com, Jessie.morin@bipc.com

Rebecca J Williams on behalf of Creditor Starr Indemnity & Liability Company
rwilliams@conroysimberg.com,
dfriedman@conroysimberg.com;dgailey@conroysimberg.com;jcutler@conroysimberg.com

Steven R Wirth on behalf of Debtor Grand Card LLC
steven.wirth@akerman.com,
caren.collier@akerman.com;Jennifer.meehan@akerman.com;Katherine.fackler@akerman.com;john.dicks@akerman.com;judy.barton@akerman.com

Steven R Wirth on behalf of Debtor Grandparents.com, Inc.
steven.wirth@akerman.com, caren.collier@akerman.com;Jennifer.meehan@akerman.com;Katherine.fackler@akerman.com;john.dicks@akerman.com;judy.barton@akerman.com

Steven R Wirth on behalf of Interested Party Grand Card LLC,
steven.wirth@akerman.com, caren.collier@akerman.com;Jennifer.meehan@akerman.com;

Katherine.fackler@akerman.com;john.dicks@akerman.com;judy.barton@akerman.com

Steven R Wirth on behalf of Other Professional Joshua Rizack
steven.wirth@akerman.com, caren.collier@akerman.com;Jennifer.meehan@akerman.com;
Katherine.fackler@akerman.com;john.dicks@akerman.com;judy.barton@akerman.com

Steven R Wirth on behalf of Plaintiff Joshua Rizack
steven.wirth@akerman.com, caren.collier@akerman.com;Jennifer.meehan@akerman.com;
Katherine.fackler@akerman.com;john.dicks@akerman.com;judy.barton@akerman.com

Steven R Wirth on behalf of Plaintiff Joshua Rizack, as Liquidating Trustee
steven.wirth@akerman.com, caren.collier@akerman.com;Jennifer.meehan@akerman.com;
Katherine.fackler@akerman.com;john.dicks@akerman.com;judy.barton@akerman.com

Thomas G Zeichman on behalf of Defendant J.D. Robinson, Inc.
tzeichman@bmulaw.com, G67999@notify.cincompass.com